UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-10593 PBS

POWERCARD EXPORT CORP., )
)
Plaintiff, ) Civil Action No. _____
)
v. )
) MAGISTRATE JUDGE _____
DIEBOLD, INCORPORATED, )
)
Defendant. )
_____)

RECEIPT # 63034
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. JDM
DATE 3/28/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Diebold, Incorporated hereby gives notice of removal of this action from the Middlesex Superior Court, Commonwealth of Massachusetts, to this Court. As grounds for removal, Defendant states as follows:

### A. Factual and Procedural Background

1. Diebold, Incorporated ("Diebold") is a defendant in a civil action filed in, and presently pending before, the Middlesex Superior Court, Commonwealth of Massachusetts, styled as *Powercard Export Corp. v. Diebold, Incorporated*, Case No. 05-0695 (the "State Court Action").

2. Plaintiff Powercard Export Corp ("PEC") alleges that Diebold breached contracts with PEC, breached implied covenants of good faith and fair dealing, interfered with contractual relations, misappropriated confidential information, and engaged in unfair and deceptive acts or practices and unfair methods of competition. (Complaint, Counts I-V.)

3. The Complaint in the State Court Action ("Complaint") was filed on March 1, 2005.

4.  Diebold received a copy of the summons and the Complaint in the State Court Action on or after March 3, 2005, by letter sent via certified mail by plaintiff's counsel to 5995 Mayfair Road, North Canton, Ohio.

5.  This Notice of Removal is being filed with this Court within thirty (30) days after Diebold received a copy of the summons and Complaint setting forth PEC's claims. Therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

6.  As required by 28 U.S.C. § 1441(b), no citizen of the Commonwealth of Massachusetts has been joined and served as a Defendant.

**B.    Diversity Jurisdiction of this Court**

7.  Plaintiff PEC is a Delaware corporation with its principal place of business in the Commonwealth of Massachusetts. (Complaint ¶ 1.) It is therefore a citizen of the state of Delaware and the Commonwealth of Massachusetts.

8.  Defendant Diebold is an Ohio corporation with its principal place of business in the state of Ohio. It is therefore a citizen of the state of Ohio.

9.  Each plaintiff is therefore a citizen of a different State than each defendant.

10. The amount in controversy exceeds $75,000. Massachusetts law prohibits a plaintiff from specifying in its complaint the amount of monetary damages it is seeking, unless such damages are "liquidated or ascertainable by calculation." Mass. Gen. Laws ch. 231, § 13B (2005). Accordingly, the Complaint does not specifically state the amount of damages PEC is seeking in this litigation. PEC does allege, however, that its "projected value of over $21,000,000 will never be realized due to the actions taken by Diebold." (Complaint ¶ 11.) PEC further states that its "damages include its uncompensated time and expenses, value of misappropriated proprietary information and lost market opportunities and profits." (*Id.*)

Moreover, PEC is seeking "at least double, and up to treble, its damages." (*Id.* ¶ 30.) Therefore, as made clear by the claims in the Complaint, the damages sought by PEC put the amount in controversy in this case in excess of the jurisdictional minimum.

11. This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the State Court Action presents a case where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

**C.    Removal**

12. Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, removal of the State Court Action is appropriate. Under 28 U.S.C. §§ 1332 and 1441, Diebold's right of removal applies to the entire lawsuit.

13. Venue of this removed action is proper in this Court under 28 U.S.C. § 1441(a) as the district and division embracing the place where the State Court Action is pending.

14. A copy of all process, pleadings and orders received by Diebold in the State Court Action to date is being filed as Exhibit 1 to this Notice of Removal.

15. Written notice of the filing of this Notice of Removal is being served on PEC's counsel on this date.

16. Diebold will promptly file a copy of this Notice with the Clerk of the Middlesex Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

17. Diebold reserves all defenses to PEC's claims and damage allegations. Moreover, Diebold expressly preserves, and does not waive, any of the defenses available under Fed. R. Civ. P. 12(b), including, without limitation, lack of personal jurisdiction, improper/inconvenient venue and insufficiency of service of process.

WHEREFORE, Defendant Diebold, Incorporated hereby removes this civil action to the United States District Court for the District of Massachusetts.

Dated: March 28, 2005

Respectfully submitted,

_____
Thomas E. Peisch, BBO #393260
Jacob A. Labovitz, BBO # 646967
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
Telephone: (617) 482-8200
Facsimile: (617) 482-6444

*Attorneys for Defendant Diebold, Incorporated*

OF COUNSEL:
John M. Majoras
Thomas M. Henry
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

WHEREFORE, Defendant Diebold, Incorporated hereby removes this civil action to the United States District Court for the District of Massachusetts.

Dated: March 28, 2005

Respectfully submitted,

_____
Thomas E. Peisch, BBO #393260
Jacob A. Labovitz, BBO # 646967
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
Telephone: (617) 482-8200
Facsimile: (617) 482-6444

*Attorneys for Defendant Diebold, Incorporated*

OF COUNSEL:
John M. Majoras
Thomas M. Henry
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served by hand delivery and U.S. Mail, postage pre-paid, upon the following counsel of record on this the 28th day of March, 2005:

>John P. Connelly, Esq.
>Peabody & Arnold LLP
>30 Rowes Wharf
>Boston, MA 02110
>(Attorneys for Plaintiff)

_____

223146.1

| PEABODY & ARNOLD LLP | 30 ROWES WHARF, BOSTON, MA 02110 |
|---|---|
| COUNSELLORS AT LAW | [617] 951.2100  FAX [617] 951.2125 |

BOSTON, MA    PROVIDENCE, RI

JOHN P. CONNELLY
[617] 617.951.2038
jconnelly@peabodyarnold.com

March 3, 2005

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Michael J. Hillock, President
Diebold, Incorporated
5995 Mayfair Road
North Canton, OH 44720

    Re:    Powercard Export Corp. v. Diebold, Incorporated,
            Middlesex Superior Court, Civil Action No. 05-0695

Dear Mr. Hillock:

    I have enclosed copies of the Summons and Verified Complaint hereby served upon Diebold, Incorporated as the named defendant pursuant to the laws of the Commonwealth of Massachusetts relating to the above-captioned lawsuit filed on March 1, 2005 in the Middlesex County Superior Court in Cambridge, Massachusetts.

                                                        Very truly yours,

                                                        John P. Connelly

Enclosures

609211

cc:    John M. Majoras, Esquire (with enclosures)
        Gilbert D. Beinhocker, Esquire (with enclosures)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
CIVIL ACTION
NO.

**05-0695**

POWERCARD EXPORT CORP.,

Plaintiff,

v.

DIEBOLD, INCORPORATED,

Defendant.



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAR 0 1 2005
CLERK

## **VERIFIED COMPLAINT**

### PARTIES

1. The plaintiff Powercard Export Corp. ("PEC") is a Delaware corporation and with a principal place of business at 35 Corporate Drive, Suite 400, Burlington, Massachusetts.

2. The defendant Diebold, Incorporated ("Diebold") is, upon information and belief, an Ohio corporation and with a principal place of business at 5995 Mayfair Road, North Canton, Ohio. Diebold owns and operates several subsidiaries and divisions both in the United States and foreign countries, including, but not limited to, Diebold International, all of which subsidiaries and divisions are collectively referred to herein as "Diebold". Diebold regularly does business in Massachusetts, and so this Court has jurisdiction over Diebold pursuant to G.L. c.223A, § 3.

### FACTS

3. PEC was incorporated in December, 2002 as a small, start-up business integration catalyst company that was established solely to develop and implement automated teller machine ("ATM") market deployment strategies within the Russian retail market. From January, 2003 to

July, 2004, PEC was a customer of Diebold, an international, multi-billion dollar company engaged, among other things, in the business of manufacturing and selling ATMs.

4.  During 2003, PEC's primary contract with Diebold was through Diebold's office in Marlborough, Massachusetts, including Gary Naresky, James Logan and Michael Roy. PEC's program was to bring to Russia an ATM based automated clearing house system that operated independently from banks. PEC's business model was designed after the NYCE model, which started as an ATM network in the United States and has evolved over the past twenty years from principally bank centric to retail centric. PEC's principals have had extensive experience conducting business in Russia, and PEC hired its own Russian staff, and obtained Russian partners, in order to implement its program.

5.  PEC entered into a Non-Disclosure Agreement with Diebold effective March 19, 2003 pursuant to which PEC provided to Diebold proprietary information concerning PEC's business plans and strategies, self-service usage, financing and information relating to integration activity, and information relating to PEC's contacts in Russia. Diebold delivered to PEC a deployment plan for ATMs manufactured by Diebold called Optevas, and on July 28, 2003 PEC entered into a consulting agreement with Diebold's subsidiary, Verdi & Company, to assist in the implementation of PEC's program.

6.  In August, 2003, Mr. Naresky from Diebold's office in Marlborough, Massachusetts prepared a Memorandum Of Agreement on Diebold's standard form for the sale of 498 Opteva 720s from Diebold to PEC for a purchase price of $14,505,131.20. This Memorandum Of Agreement was represented by Diebold to PEC as a valid purchase agreement. PEC signed the Memorandum Of Agreement on August 13, 2003 and returned it to Diebold, which accepted it without reservation. However, several months later, Diebold abruptly and

03/07/2005 15:09 FAX 6179512    PEABODY & ARNOLD LLP    ☒003

unilaterally transferred the matter to its European operation headed by Cliff Meinhardt, and Mr. Meinhardt thereafter informed PEC that Diebold would not perform under the terms of the Memorandum Of Agreement.

7. Shortly before Mr. Meinhardt became involved for Diebold, PEC also entered into an agreement with Diebold's office in Marlborough, Massachusetts to purchase 160 used 1064ix ATMs for resale to STB Card, which was a Russian bank processing center with whom PEC was working closely at the time. PEC had entered into a resale agreement with STB Card for the used Diebold ATMs, which would have been a profitable transaction for Diebold, PEC and STB Card. However, Mr. Meinhardt wrongfully interfered with PEC's agreement with STB Card with his letter to STB Card dated October 28, 2003. In that letter, which Mr. Meinhardt sent without PEC's knowledge to PEC's customer, STB Card, Mr. Meinhardt stated that PEC was not authorized to resell the Diebold 1064ix ATMs to STB Card, which statement was false and made with the sole purpose and intent of harming PEC. STB Card cancelled its agreement with PEC because of Mr. Meinhardt's actions.

8. Diebold received and accepted from PEC a memorandum of understanding whereby Diebold and PEC were to become equity partners in a new company ("NewCo") to be formed to originate and develop an automated clearing house ("ACH") national cash payment network based on Opteva 720 ATMs in Russia. Diebold modified that memorandum understanding whereby Diebold agreed to take a ten percent (10%) equity stake in NewCo. Diebold did so knowing that PEC would be taking that memorandum of understanding to potential investors, which in fact happened and in fact precipitated a firm commitment letter from Apex Emerging Markets Finance ("Apex") to bring $1.2 million in equity based on Diebold being identified as an owner and principal to NewCo under the terms of the

memorandum of understanding as modified by Diebold. Then at a much later date, after substantial time and expense incurred by PEC in reliance on the memorandum of understanding agreed to and modified by Diebold, Diebold tried to alter unilaterally its equity investment by replacing it with an onerous debt financing. Diebold did this knowing that it would cause the deal to fall through, which is what Diebold wanted so that it could appropriate for itself PEC's proprietary information.

9.   Diebold received a key PEC business plan at a presentation by Apex in Moscow in February, 2004. This was in addition to other substantial proprietary information which Cliff Meinhardt of Diebold received along with Diebold personnel in its Marlborough, Massachusetts office. Mr. Meinhardt received the benefit of valuable strategic analysis in marketing away from the traditional banking sector, along with detailed operating plans and proprietary documents from PEC's Russian partners in developing the retail ATM market. Mr. Meinhardt reneged on the promise which he had made to carry over the non-disclosure agreement to Diebold's Russian company which was previously signed by Diebold's American company.

10.   PEC introduced Diebold to a significant group of large size companies, such as Monsenergo-TransInvestbank, Russian's largest utility, which PEC believes Diebold's Russian operation has used, is using and will be using as a platform to sell ATMs to large Russian banks visiting to move into the retail ATM business. Diebold is doing all this to the great damage of PEC. On the other hand, Diebold introduced PEC to not one single contact.

11.   The damages incurred by PEC as a result of Diebold's wrongful actions are substantial. PEC's projected value of over $21,000,000 will never be realized due to the actions taken by Diebold. PEC's damages include its uncompensated time and expenses, value of

misappropriated proprietary information and lost market opportunities and profits, all due to the wrongful actions taken by Diebold towards PEC.

## COUNT I
### (Breach of Contract)

12. PEC repeats and realleges the allegations contained in paragraphs 1 through 11, supra.

13. The conduct of Diebold, as hereinbefore alleged, constitutes a breach of its contracts with PEC, including, but not limited to, non-disclosure contracts and contracts to sell equipment.

14. As a direct and proximate result of Diebold's breaches of contracts, PEC has suffered damages.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

15. PEC repeats and realleges the allegations contained in paragraphs 1 through 11, 13 and 14, supra.

16. The contracts which PEC had with Diebold contained implied covenants of good faith and fair dealing.

17. At all times, PEC dealt fairly with Diebold and has not breached any of the contracts in any way.

18. Diebold's breaches of contract, interference with PEC's business and other relations and co-opting of PEC's proprietary information were in bad faith and were without cause, and were breaches of the implied covenant of good faith and fair dealing implicit in the contracts because Diebold sought to deprive PEC of accrued and earned benefits of those contracts.

19. As a direct result of Diebold's breach of the implied covenant of good faith and fair dealing implicit in the contracts, PEC has been and continues to be deprived of accrued and earned benefits of those contracts.

## COUNT III
### (Interference with Contractual Relations)

20. PEC repeats and realleges the allegations contained in paragraphs 1 through 11, 13, 14 and 16 through 19, supra.

21. PEC had contractual and business relationships with Russian entities, including, but not limited to, STB Card, with the intended result of bringing economic benefit to PEC.

22. Diebold had actual knowledge of PEC's contractual and business relationships with Russian entities, including, but not limited to, STB Card.

23. Diebold intentionally interfered with those relationships, and as a result of Diebold's interference, PEC has been harmed and has incurred damages.

## COUNT IV
### (Misappropriation of Confidential Information)

24. PEC repeats and realleges the allegations contained in paragraphs 1 through 11, supra.

25. Upon information and belief, Diebold has disclosed or will disclose to others PEC's confidential information, and Diebold has used and is using PEC's confidential information.

26. The disclosure and use of such information by Diebold is in violation of the Non-Disclosure Agreement entered into by and between PEC and Diebold, as well as a violation of statutory and common law.

## COUNT V
(Violation of G.L. c.93A)

27. PEC repeats and realleges the allegations contained in paragraphs 1 through 11, 13, 14, 16 through 19, 25 and 26, supra.

28. Diebold is engaged in trade or commence as defined by G.L. c.93A, § 1.

29. The actions of Diebold, as hereinbefore alleged, constitute unfair and deceptive acts or practices and unfair methods of competition on violation of G.L. c.93A, §§ 2 and 11 which have caused, and will have the effect of causing, PEC to suffer injury of its business.

30. The use by Diebold of the aforesaid unfair and deceptive acts or practices and unfair methods of competition were, and are, willful and knowing violations of G.L. c.93A, thereby entitling to PEC to at least double, and up to treble, its damages, as well as reasonable attorneys' fees and costs.

WHEREFORE, PEC respectfully requests that this Court enter judgment for PEC and against Diebold in an amount to be determined at trial, which amount should be trebled pursuant to G.L. c.93A, §11, plus interest, costs and attorneys' fees, together with such additional or alternative relief as this Court deems to be just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

PLAINTIFF POWERCARD EXPORT CORP.
By its attorneys,

John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: February 28, 2005

## VERIFICATION

I, Dr. Gilbert D. Beinhocker, President of PowerCard Export Corp., hereby verify that the allegations in the Verified Complaint are true and accurate to the best of my knowledge and belief except as to those matters which, upon information and belief, I believe to be true.

*[signature]*
Dr. Gilbert D. Beinhocker

Sworn to and subscribed before me
this 28th day of February, 2005.

*[signature]* Lynne A. Fleming
Notary Public
My commission expires: 6/20/08

LYNNE A. FLEMING
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 20, 2008

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

**05-0695**

............MIDDLESEX............, ss
[seal]

Powercard Export Corp............., Plaintiff(s)

v.

Diebold, Incorporated, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .....John P. Connelly..................... plaintiff's attorney, whose address is ...Peabody & Arnold LLP, 30 Rowes Wharf, Boston, MA 02110......, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...Cambridge, MA........................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ......Boston, Massachusetts...............
the ......Second...................... day of ............March........................
......................, in the year of our Lord .........2005.........................

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................
................................................................................................................................................
................................................................................................................................................
                                        ........................................................................................

Dated: ..................................................................................................................

**N.B.  TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
(     ..................................................., ............ )
( _____ )

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ..... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0695

Powercard Export Corp. ........, Plff.

v.

Diebold, Incorporated ........, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Powercard Export Corp. v. Diebold, Incorporated__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☑    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☑    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jacob A. Labovitz
ADDRESS   Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109
TELEPHONE NO.   (617) 482-8200

(CategoryForm.wpd - 2/15/05)

℅JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Powercard Export Corp.

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John P. Connolly, Esq.    30 Rowes Wharf    (617) 951-2100
Peabody & Arnold, LLP    Boston, MA 02110

### DEFENDANTS
Diebold, Incorporated

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)
Thomas E. Peisch, Esq.    Conn Kavanaugh Rosenthal Peisch & Ford
Jacob A. Labovitz, Esq.    Boston, MA 02109    (617) 482-8200

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS- Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 - Diversity
Brief description of cause:
Breach of Contract,

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____ DOCKET NUMBER _____

DATE 3/28/05
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____