UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWERCARD EXPORT CORP., ) | |
| ) | |
| Plaintiff, ) | Case No. 05-cv-10593-PBS |
| ) | |
| v. ) | |
| ) | |
| DIEBOLD, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT DIEBOLD, INCORPORATED

Defendant Diebold, Incorporated ("Diebold"), by and through its undersigned counsel, hereby responds to Plaintiff's Verified Complaint ("the Complaint") as follows:

1. Diebold is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2. Diebold admits that it is an Ohio corporation with its principal place of business at 5995 Mayfair Road, North Canton, Ohio. Diebold further admits that it has subsidiaries in the United States and other countries and admits that it regularly conducts business in the Commonwealth of Massachusetts. Diebold acknowledges that Plaintiff purports to define certain terms in the second sentence of paragraph 2 of the Complaint, but states that Diebold, Incorporated is the sole defendant in this case, and denies any allegation that attempts to obscure the separate legal status of Diebold, Incorporated and any other entity or entities. Diebold denies each and all of the remaining allegations in paragraph 2 of the Complaint.

3. Diebold admits that it manufactures and sells automated teller machines ("ATMs"). Diebold further admits that it reported revenue of over $2 billion in 2003, and that it conducts business in the United States and other countries. Diebold is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore denies them. Diebold denies each and all of the remaining allegations in paragraph 3 of the Complaint.

4. Diebold admits that Diebold employees in Marlborough, Massachusetts had contacts with Gilbert Beinhocker of PEC during 2003. Diebold is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of paragraph 4 and therefore denies them. Diebold denies each and all of the remaining allegations in paragraph 4 of the Complaint.

5. Diebold admits that PEC entered into a non-disclosure agreement with Diebold with an effective date of March 19, 2003, and states that this document speaks for itself. Diebold further admits that it provided PEC with a proposed deployment schedule for Opteva 720 ATMs. Diebold further admits that PEC entered into a work agreement with Verdi & Associates, Inc., which is a subsidiary of Diebold, Incorporated, in August 2003. Diebold further answers that the proposed deployment schedule and work agreement speak for themselves. Diebold denies each and all of the remaining allegations in paragraph 5 of the Complaint.

6. Diebold admits that it prepared a standard draft memorandum of agreement for the sale of Opteva 720 ATMs from Diebold to PEC. Diebold further admits that PEC gave Diebold a copy of the draft memorandum of agreement with Gilbert Beinhocker's signature, and further answers that the draft speaks for itself. Diebold further admits that individuals in

Diebold's Marlborough, Massachusetts office worked to prepare this draft memorandum of agreement. Diebold further states that it never executed the draft memorandum agreement, nor did PEC pay any of the monetary obligations described therein. Diebold specifically denies that the draft memorandum of agreement ever constituted an enforceable purchase agreement. Diebold denies each and all of the remaining allegations in paragraph 6 of the Complaint.

7. Diebold denies each and all of the allegations in paragraph 7 of the Complaint.

8. Diebold denies each and all of the allegations in paragraph 8 of the Complaint.

9. Diebold admits that PEC gave Diebold a document entitled "Deployment of Diebold Opteva 720 Cash-In ATM Network," relating to a presentation made in Moscow in February 2004. Diebold denies each and all of the remaining allegations in paragraph 9 of the Complaint.

10. Diebold denies each and all of the allegations in paragraph 10 of the Complaint.

11. Diebold denies each and all of the allegations in paragraph 11 of the Complaint.

COUNT I (styled "Breach of Contract")

12. In response to the allegations of paragraph 12, Diebold incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the Complaint.

13. Diebold denies each and all of the allegations in paragraph 13 of the Complaint.

14. Diebold denies each and all of the allegations in paragraph 14 of the Complaint.

COUNT II (styled "Breach of Implied Covenant of Good Faith and Fair Dealing")

15.    In response to the allegations of paragraph 15, Diebold incorporates by reference its responses to the allegations contained in paragraphs 1 through 11, 13 and 14 of the Complaint.

16.    Diebold denies each and all of the allegations in paragraph 16 of the Complaint.

17.    Diebold denies each and all of the allegations in paragraph 17 of the Complaint.

18.    Diebold denies each and all of the allegations in paragraph 18 of the Complaint.

19.    Diebold denies each and all of the allegations in paragraph 19 of the Complaint.

COUNT III (styled "Interference with Contractual Relations")

20.    In response to the allegations of paragraph 20, Diebold incorporates by reference its responses to the allegations contained in paragraphs 1 through 11, 13, 14 and 16 through 19 of the Complaint.

21.    Diebold admits that PEC informed it that PEC had certain contacts with an entity or entities in Russia. Diebold is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and therefore denies them.

22.    Diebold admits that PEC informed it that PEC had certain contacts with an entity or entities in Russia. Diebold denies each and all of the remaining allegations in paragraph 22 of the Complaint.

23. Diebold denies each and all of the allegations in paragraph 23 of the Complaint.

COUNT IV (styled "Misappropriation of Confidential Information")

24. In response to the allegations of paragraph 24, Diebold incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the Complaint.

25. Diebold denies each and all of the allegations in paragraph 25 of the Complaint.

26. Diebold denies each and all of the allegations in paragraph 26 of the Complaint.

COUNT V (styled "Violation of G.L. c.93A")

27. In response to the allegations of paragraph 27, Diebold incorporates by reference its responses to the allegations contained in paragraphs 1 through 11, 13, 14, 16 through 19, 25 and 26 of the Complaint.

28. Diebold denies each and all of the allegations in paragraph 28 of the Complaint.

29. Diebold denies each and all of the allegations in paragraph 29 of the Complaint.

30. Diebold denies each and all of the allegations in paragraph 30 of the Complaint.

Diebold denies each and every allegation in the Complaint not specifically admitted above.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Diebold also asserts the following additional defenses:

### First Affirmative Defense

The Complaint fails to state claims upon which relief may be granted.

**Second Affirmative Defense**

PEC's contract claims are barred by failure of consideration.

**Third Affirmative Defense**

PEC's contract claims are barred by the applicable statute or statutes of frauds.

**Fourth Affirmative Defense**

PEC's contract claims are barred, in whole or in part, by the doctrine of unclean hands and/or the doctrine of *in pari delicto*.

**Fifth Affirmative Defense**

Count II is barred because there was no enforceable contract.

**Sixth Affirmative Defense**

Count IV is barred because the information referred to was not confidential, and because PEC did not take reasonable steps to assure its confidentiality.

**Seventh Affirmative Defense**

Count V is barred because the conduct complained of did not take place primarily and substantially in the Commonwealth of Massachusetts.

**Eighth Affirmative Defense**

Count V is barred because PEC has not incurred a loss of money or property.

**Ninth Affirmative Defense**

Diebold did not intentionally interfere with any contracts or business relationships for an improper purpose or by improper means.

**Tenth Affirmative Defense**

PEC's recovery is barred, in whole or in part, because PEC failed to mitigate the alleged injuries or damages.

**Eleventh Affirmative Defense**

PEC has failed to join all necessary and/or indispensable parties to this suit.

**Twelfth Affirmative Defense**

Any claim for treble or punitive damages is barred, or must be limited, by the applicable provisions of the United States Constitution and its Massachusetts counterpart.

Diebold reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

WHEREFORE, Diebold prays that the Complaint be dismissed, and that it be awarded its costs of defense, including attorneys' fees.

Dated: April 4, 2005                             DIEBOLD, INCORPORATED

                                                 By its attorneys,


                                                 /s/ Jacob A. Labovitz
                                                 Thomas E. Peisch (BBO# 393260)
                                                 Jacob A. Labovitz (BBO# 646967)
                                                 CONN KAVANAUGH ROSENTHAL
                                                    PEISCH & FORD, LLP
                                                 Ten Post Office Square
                                                 Boston, MA 02109
                                                 Telephone: (617) 482-8200
                                                 Facsimile: (617) 482-6444

                                                 OF COUNSEL:
                                                 John M. Majoras
                                                 Thomas M. Henry
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.
                                                 Washington, D.C. 20001-2113
                                                 Telephone: (202) 879-3939
                                                 Facsimile: (202) 626-1700

DIEBOLD, INCORPORATED DEMANDS TRIAL BY JURY

223763.1