UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWERCARD EXPORT CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>DIEBOLD, INCORPORATED,<br><br>        Defendant. | CIVIL ACTION NO. 05-CV-10593-PBS |

**PLAINTIFF'S AUTOMATIC DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 26(a)(1) and Rule 26.2 of the Local Rules of the United States District Court for the District of Massachusetts, the plaintiff Powercard Export Corp. ("PEC") submits this automatic disclosure statement. By disclosing the documents described herein, PEC does not waive any grounds to object to the discoverability or admissibility of any document and specifically reserves its rights to object on any grounds to production and to admission in evidence. PEC will supplement or amend this automatic disclosure statement upon its receipt or discovery of additional information or documents.

1.    Fed. R. Civ. P. 26(a)(1)(A) and Local Rule 26.2(A):

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information:

        a.    Gilbert D. Beinhocker
                 36 Gilbert Circle
                 Belmont, MA
                 Subject: facts surrounding PEC's claims in this lawsuit

    b.    Roy Kaufmann
address to be provided
Subject: facts surrounding PEC's claims in this lawsuit

    c.    Pat Barton
address to be provided
Subject: facts surrounding PEC's claims in this lawsuit

    d.    Boris Pavlov
address to be provided
Subject: facts surrounding PEC's claims in this lawsuit

    e.    Gary J. Naresky
c/o Diebold, Incorporated
Subject: facts surrounding the dealings by and between the defendant Diebold, Incorporated ("Diebold") and PEC

    f.    James H. Logan
c/o Diebold, Incorporated
Subject: facts surrounding the dealings by and between Diebold and PEC

    g.    Michael P. Roy
c/o Diebold, Incorporated
Subject: facts surrounding the dealings by and between Diebold and PEC

    h.    Cliff Meinhardt
c/o Diebold, Incorporated
Subject: facts surrounding the dealings by and between Diebold and PEC

2.    <u>Rule 26(a)(1)(B)</u>:

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

    a.    <u>Non-Privileged Documents</u>:

PEC has in its possession, custody or control non-privileged documents comprised of: a) its dealings with Diebold; b) its claims against Diebold; and c) its damages caused by Diebold.

      b.    Protected/Privileged Documents:

PEC also has in its possession, custody or control documents that it considers to have been prepared in anticipation of litigation and/or that are subject to the attorney-client privilege or the work product doctrine. These documents include correspondence between PEC and its counsel in this lawsuit, as well as notes or internal communications generated by representatives of PEC that are related to PEC's claims in this lawsuit.

3.    Rule 26(a)(1)(c):

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, or which such computation is based, including materials bearing on the nature and extent of injuries suffered: PEC's damages include, but are not limited to, all expenses incurred by it in creating and implementing the business plan which PEC was unable ultimately to execute fully because of Diebold's breaches of contract and other improper conduct, as well as PEC's lost profits. PEC's damages total well in excess of $1 million, and PEC will make available to Diebold all the documents pertaining to PEC's damages. PEC also seeks as damages disgorgement by Diebold of all revenues received by Diebold as a result of Diebold's wrongful confiscation of PEC's business plan ideas and contacts. Information concerning these damages are in the possession of Diebold, and PEC intends to obtain them through discovery.

4.    Rule 26(a)(1)(D):

For inspection and copying as under Fed. R. Civ. P. any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a

judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

    Not applicable.

PLAINTIFF POWERCARD EXPORT CORP.
By its attorneys,

/s/ John P. Connelly
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

Dated:  April 14, 2005

611503

## CERTIFICATE OF SERVICE

    I, John P. Connelly, hereby certify that on this ___ day of April, 2005 I served a copy of the foregoing by first class mail, postage prepaid upon the defendant's attorneys:  Jacob A. Labovitz, Esquire and Thomas E. Peisch, Esquire, Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109; and Thomas M. Henry, Esquire and John M. Majoras, Esquire, Jones Day, 51 Louisiana Avenue, N.W., Washington, DC 20001-2113.

/s/ John P. Connelly
