UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

POWERCARD EXPORT CORP.,

                Plaintiff,

v.                                  CIVIL ACTION NO. 05-CV-10593-PBS

DIEBOLD, INCORPORATED,

                Defendant.

**JOINT STATEMENT**

The parties have conferred and propose the following agreed upon discovery plan

pursuant to Fed. R. Civ. P. Rule 26(f) and Rule 16.1(D) of the Local Rules and this Court's

April 1, 2005 Notice of Scheduling Conference:

I.      Proposed Agenda

The parties propose that the matters to be discussed at the scheduling conference on

May 17, 2005 will include, but will not be limited to, scheduling discovery, filing of pre-trial

motions, whether the parties will consent to a trial by Magistrate Judge and the use of alternative

dispute resolution.

II.     Summary of the Positions Asserted by the Parties with Respect to Liability and Relief
          Sought

     A.     Plaintiff's Summary

          1.     Liability

The plaintiff Powercard Export Corp. ("PEC") was formed in Burlington, Massachusetts

in 2002 as a small, start-up business integration catalyst company that was established solely to

develop and implement automated teller machine ("ATM") market development strategies

within the Russian retail market. From January, 2003 to July, 2004, PEC was a customer of the

defendant Diebold, Incorporated ("Diebold"), an international, multi-billion dollar company with

headquarters in Canton, Ohio and engaged, among other things, in the business of manufacturing and selling ATMs.

PEC and Diebold entered into a series of agreements over the 1 ½ years that they had dealings, including a non-disclosure agreement, a purchase and sale agreement for ATMs and a business investment agreement, all of which Diebold breached at various times and in various ways, all in its attempt to co-opt for itself PEC's business ideas, contacts and strategies for developing in Russia an ATM based automated clearing house system that operated independent from banks.  As a result of Diebold's misconduct, PEC was unable to proceed with its program, all to Diebold's benefit.

PEC's claims against Diebold in this case for breach of conduct (Count I), breach of the covenant of good faith and fair dealing (Count II), interference with contractual relations (Count III), misappropriation of confidential information (Count IV) and violation of M.G.L. c.93A (Count V).

        2.      Relief Sought

The damages incurred by PEC as a result of Diebold's action are substantial.  PEC's projected value of over $21 million will never be realized due to the actions taken by Diebold. PEC's damages include its uncompensated time and expense, value of misappropriated proprietary information and lost market opportunities and profits, plus prejudgment interest. PEC is unable to calculate its exact damages at this time because much of the information needed for that calculation is in the possession of Diebold, which PEC intends to obtain through discovery.

B.      Defendant's Summary

PEC approached Diebold in 2003, seeking to purchase a number of ATMs manufactured

by Diebold.  PEC and Diebold subsequently entered into negotiations for the sale and purchase

of these ATMs.  During the course of these negotiations, PEC began pressing Diebold to invest

in a new Russian company that PEC claimed it would create.  PEC misrepresented Diebold's

commitment -- or lack thereof -- to such a scheme.  PEC also sought to purchase ATMs

refurbished by Diebold, which it attempted to resell as new to customers in Russia.  Negotiations

broke down in July 2004 without any executed or binding agreements between the parties.  This

lawsuit represents an attempt to turn business discussions into binding agreements.

As explained in its answer to the Complaint, Diebold never entered into, much less

breached, any contracts or enforceable agreements with PEC for the purchase or sale of ATMs,

or for any business venture or investment agreement.  Diebold never executed any of the draft

memoranda that were being negotiated between Diebold and PEC, nor did PEC pay any of the

monetary obligations described therein.  In fact, PEC never offered, nor demonstrated an ability,

to pay for any ATMs from Diebold.  Diebold also denies breaching any non-disclosure

agreement or covenant of good faith, or engaging in any of the tortious or unlawful activities

alleged in the Complaint.

Diebold believes the evidence will demonstrate the baselessness of PEC's allegations.

3

III.    <u>Proposed Joint Discovery Plan</u>

The parties have reached agreement on the following pre-trial schedule:

| | |
|---|---|
| Motions for joinder of parties to be brought by: | June 17, 2005 |
| Conclusion of fact discovery: | January 31, 2006 |
| Identification of Plaintiff's expert(s) and service of Plaintiff's expert report(s): | February 23, 2006 |
| Deposition(s) of Plaintiff's expert(s) to be taken by: | March 16, 2006 |
| Identification of Defendant's expert(s) and service of Defendant's expert report(s): | April 6, 2006 |
| Deposition(s) of Defendant's expert(s) to be taken by: | April 27, 2006 |
| Filing of dispositive motions: | May 25, 2006 |
| Opposition for dispositive motions: | June 22, 2006 |
| Reply brief for dispositive motions: | July 6, 2006 |
| Hearing on dispositive motions: | August 3, 2006 |

IV.    <u>Certifications Signed by Counsel and by the Parties</u>

The certifications required by Local Rule 16.1(D)(3) are attached hereto as Exhibits A

and B.

V.    <u>Plaintiff's Settlement Proposal</u>

PEC presented its settlement proposal to Diebold on May 6, 2005.

VI.    <u>Trial by Magistrate Judge</u>

The parties decline to consent to trial by Magistrate Judge.

VII.    <u>Alternative Dispute Resolution</u>

The parties will make diligent efforts at the appropriate time to come to an agreement on

the various alternative dispute resolution procedures set forth in Local Rule 16.4.  However, at

this time, the parties believe that submitting this matter to alternative dispute resolution is

premature.

| PLAINTIFF POWERCARD EXPORT CORP. By its attorneys, | DEFENDANT DIEBOLD, INCORPORATED By its attorneys, |
|---|---|
| /s/ John P. Connelly | /s/ Jacob A. Labovitz |
| John P. Connelly, BBO #546670 | Thomas E. Peisch, BBO #393260 |
| PEABODY & ARNOLD LLP | Jacob A. Labovitz, BBO #646963 |
| 30 Rowes Wharf | CONN KAVANAUGH ROSENTHAL |
| Boston, MA 02110 | PEISCH & FORD, LLP |
| (617) 951-2100 | Ten Post Office Square |
| | Boston, MA 02109 |
| | (617) 482-8200 |

/s/ Thomas M. Henry
John M. Majoras (admitted *pro hac vice*)
Thomas M. Henry (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

Dated:  May 10, 2005

614299

## CERTIFICATE OF SERVICE

      I, John P. Connelly, hereby certify that on this 10th day of May, 2005 I served a copy of the foregoing by first class mail, postage prepaid upon the defendant's attorneys:  Jacob A. Labovitz, Esquire and Thomas E. Peisch, Esquire, Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109; and Thomas M. Henry, Esquire and John M. Majoras, Esquire, Jones Day, 51 Louisiana Avenue, N.W., Washington, DC 20001-2113.

                                /s/ John P. Connelly

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

POWERCARD EXPORT CORP.,

        Plaintiff,

v.

DIEBOLD, INCORPORATED,

        Defendant.

CIVIL ACTION NO. 05-CV-10593-PBS

## PLAINTIFF'S LOCAL RULE 16 CERTIFICATE

       We, the undersigned, John P. Connelly, counsel for the plaintiff Powercard Export Corp.

("PEC") and the undersigned authorized representative of PEC hereby affirm that we have

conferred with a view to establishing a budget for the costs of conducting the full course – and

various alternative courses – for the litigation, and to consider the resolution of the litigation

through the use of alternative dispute resolution programs as outlined in Local Rule 16.4.

/s/ John P. Connelly
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

/s/ Gilbert D. Beinhocker
Gilbert D. Beinhocker
Authorized representative of
Powercard Export Corp.

Dated:  April 19, 2005

Dated:  April 19, 2005

614407

- 2 -

<u>CERTIFICATE OF SERVICE</u>

I, John P. Connelly, hereby certify that on this 10th day of May, 2005 I served a copy of the foregoing by first class mail, postage prepaid upon the defendant's attorneys:  Jacob A. Labovitz, Esquire and Thomas E. Peisch, Esquire, Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109; and Thomas M. Henry, Esquire and John M. Majoras, Esquire, Jones Day, 51 Louisiana Avenue, N.W., Washington, DC 20001-2113.


<u>/s/ John P. Connelly</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWERCARD EXPORT CORP., | ) |
| | ) |
| Plaintiff, | )    Case No. 1:05-cv-10593-PBS |
| | ) |
| v. | ) |
| | ) |
| DIEBOLD, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## LOCAL RULE 16.1(d)(3) CERTIFICATION

John M. Majoras, counsel for Defendant Diebold, Incorporated, and Warren Dettinger,

authorized representative of Diebold, Incorporated, hereby certify and affirm that they have

conferred: (1) with a view toward establishing a budget for the costs of conducting the full

course—and various alternative courses—of the litigation; and (2) to consider the resolution of

the litigation through the use of alternative dispute resolution programs.

/s/ John M. Majoras                          /s/ Warren Dettinger
John M. Majoras                              Warren Dettinger
JONES DAY                                    DIEBOLD, INCORPORATED
51 Louisiana Avenue, N.W.                    5995 Mayfair Road
Washington, DC 20001-2113                    North Canton, OH 44720-8077
Phone: (202) 879-7652                        Phone: (330) 490-4000
Fax: (202) 626-1700                          Fax: (330) 490-3794