**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| POWERCARD EXPORT CORP., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:05-cv-10593-PBS |
| v. | ) ) ) | |
| DIEBOLD, INCORPORATED, | ) ) ) | |
| Defendant. | ) ) | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS.

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, plaintiff Powercard Export Corp. and defendant Diebold, Incorporated hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 7.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

    2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: information of a kind such that disclosure would create a risk of serious injury, including, but not limited to, the Producing Party's proprietary information or trade secrets as defined by Ohio law; information subject to a legally protected right of privacy; and information that would reveal the Producing Party's confidential research, commercial, strategic, business or development information.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the Designating Party, within five (5) days of becoming aware of the inadvertent failure to designate, gives written notice to the Receiving Party of the proper designation. Upon such notice, the Receiving Party shall label such documents and all copies thereof as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as requested by the Designating Party, and in accordance with this Order. The Receiving Party may challenge the designation of such documents, in accordance with this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

6.1   <u>Initial Challenges</u>. Any party may object in good faith to the designation of Protected Materials. A Party that objects to a confidentiality designation must first contact the Designating Party by telephone or electronic mail, within thirty (30) days from the later of the production of the Protected Materials or the designation of the Protected Materials, and explain its belief that the confidentiality designation was not proper. The objecting Party and the Designating Party must work in good faith to resolve the dispute.

6.2     <u>Written Challenges</u>.  If the parties are unable to resolve the dispute through the procedures outlined in Section 6.1, then the objecting Party may elect to initiate a written challenge to the Designating Party's confidentiality designation.  Upon receipt of the objecting Party's written challenge, the Designating Party shall have ten (10) days to provide the objecting Party with a written explanation of the basis for its belief that each disputed confidentiality designation was proper.  After the objecting Party's receipt of the Designating Party's written explanation, the parties shall have ten (10) days to attempt to negotiate an informal resolution of the dispute.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.  If attempts at an informal resolution of any such dispute prove unsuccessful, the challenging Party may then submit its objection to the Court within thirty (30) days thereafter.  If, prior to the expiration of the ten-day negotiation period, the Parties agree that the matter cannot be resolved without court intervention, then the challenging party, in its discretion, need not wait for the full ten days of the negotiation period to elapse before submitting its objections to the Court.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraphs and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The Designating Party shall have the opportunity to file an opposition brief, and the challenging party may elect to file a reply brief.   Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

6.4     <u>Costs</u>.  If the court determines, once it has ruled on the challenge, that the material in question does not qualify for the level of protection designated by the Designating Party, and if the court further determines that the Designating Party did not act in good faith in making such designations, the court may require, pursuant to Federal Rule of Civil Procedure 26, the Designating Party to pay the objecting party all reasonable costs associated with the objecting party's challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

      (a)      the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b)      the current and former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (d)      the Court and its personnel;

      (e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (f)      during their depositions or at trial, any person who is substantively discussed in the information or item (but only as to the specific material in which such person is referenced, discussed, or mentioned), provided they have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      (g)      any person who is the original source of the information or who is specifically identified as an author or recipient of the document; and

      (h)      any other person to whom the Designating Party agrees in writing or on the record in advance to the disclosure.

      7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

      (a)      the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b)    Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (c)    the Court and its personnel;

      (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; and

      (e)    any person who has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A and (i) is the original source of the information or who is specifically identified as an author or recipient of the document; (ii) is a current officer, director or employee of the Producing Party or Designating Party (but only as to the specific information or material to which that person had access during his/her employment), or (iii) was formerly an officer, director or employee of the Producing Party or Designating Party (but only as to the specific information or material to which that person had access during his/her employment); and

      (f)    any other person to whom the Designating Party agrees in writing or on the record in advance to the disclosure.

      7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information to Non-Authorized Individuals</u>.  Except as otherwise provided in this Order, if a Party in this litigation desires to give, show, make available or communicate any Protected Material marked as "Highly Confidential - Attorneys' Eyes Only" to any person who is not specifically authorized pursuant to the terms of this Protective Order to have access to such materials, the Party intending to disclose the materials shall notify all Receiving Parties and the Designating Party (the "Noticed Parties") of such intent no less than seven (7) court days prior to the intended disclosure.  Said notification shall be sufficiently specific to inform the Noticed Parties of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended, and the circumstances which prevented timely use of the procedures set forth in section 6 for challenging the confidentiality designation.  The Party intending to disclose the materials and the Designating Party shall then attempt to negotiate the terms of disclosure within two (2) court days of the notification.  If no agreement can be reached, the Party intending to make the disclosure shall have five (5) court days thereafter within which to move the Court *ex parte* for permission to make the disclosure, and notify the Designating Party of such motion in accordance with the rules of the Court.  The Party seeking to make the disclosure shall submit copies of the documents or other Protected Materials that are the subject of the motion to the Court and shall seek permission of the Court under Local Rule 7.2 to have the document filed under seal, with service only on the Designating Party.  The Designating Party may oppose the motion in accordance with the rules of the Court.  Any document or other Protected Material that is the subject of such a motion, or of the aforementioned informal negotiations shall continue to be treated as designated by the Designating Party pending the final ruling of the Court on the motion, or an informal resolution with the Designating Party, as the case may be.  The Party seeking to make the disclosure shall notify all Receiving Parties in writing of the final ruling of the Court on the motion, or of the informal resolution with the Designating Party.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     NON-PARTY DISCLOSURES.

Nothing in this Order affects the right of the Party or non-party that produced "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Protected Material to use or disclose such information in the ordinary course of its business unrelated to this litigation, except as otherwise provided in this paragraph. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Protective Order, except that if the Producing Party uses such materials in a manner that is inconsistent with its treatment by the Parties herein as Protected Material (including, without limitation, and as an example only, dissemination of the material to the public), then any Party wishing to challenge the continued treatment of the materials as Protected Materials in this action may do so pursuant to Section 6, herein.

In the event that documents or Protected Material are produced by a non-party which: (i) are copies of documents or other Protected Material which a Party has designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," (ii) contain information that is found in documents or other Protected Material which a Party has designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or (iii) contain information relating to that Party which qualifies for a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation as defined in Paragraph 2, that Party may designate such materials under this Order even if they have not been so designated by the non-party producing them. Said designation shall be made within thirty (30) days of the production by the non-party by delivering to defense counsel and/or plaintiff's counsel a written log which identifies the documents or other Protected Material either by Bates stamp number(s), or, if there is no Bates stamp numbering, by a description of the

document or material sufficiently detailed to make the document or material readily identifiable from other documents or materials in the production, and states for each document or material the designation to be applied and the basis for the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation. The designation of any such Protected Material may be challenged pursuant to the terms of this Order as if the Designating Party were the Producing Party.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material (and, if the Protected Material was filed with the Court by the Receiving Party, move the Court under Local Rule 7.2 to have the Protected Material filed under seal), (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 7.2.

12. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.</u>

Inadvertent production of any document, material or information that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product privilege, will not be deemed to waive any privilege. A party or non-party may request the return of any inadvertently produced privileged document, material or information by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any inadvertently produced privileged document then in the custody of another party, the possessing party shall within three (3) days return to the requesting party the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item. The party returning such item may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

14. <u>MISCELLANEOUS</u>.

14.1 <u>Right to Further Relief</u>. The provisions of this Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court. Nothing in this Stipulation and Order shall constitute: (i) a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; or (ii) a waiver of any claim of immunity or privilege with respect to any testimony, document or information.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Violation Of This Order</u>. Except as specifically provided herein, any violation of this Order, is punishable by money damages caused by the violation, including, but not limited to, all attorneys fees, court costs, exhibit costs, expert witness fees, travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

14.4 <u>Execution</u>. This document may be executed in counterparts. Signatures received via facsimile or e-mail shall be deemed viable and binding on the parties.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 28, 2005                     By: /s/ John P. Connelly
                                                      John P. Connelly, Esq.
                                                      Peabody & Arnold LLP
                                                      30 Rowes Wharf
                                                      Boston, MA  02110
                                                      *Attorneys for Plaintiff Powercard Export Corp.*

Dated:  June 28, 2005                    By: /s/ John M. Majoras
                                                      John M. Majoras (admitted *pro hac vice*)
                                                      JONES DAY
                                                      51 Louisiana Avenue, N.W.
                                                      Washington, D.C. 20001-2113
                                                      Telephone:  (202) 879-3939
                                                      Facsimile:  (202) 626-1700
                                                      *Attorneys for Defendant Diebold, Incorporated*

                                                      PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2005.            By: _____
                                                      The Honorable Patti B. Saris
                                                      United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

     I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Massachusetts on _____ [date] in the case of Powercard Export Corp. v. Diebold, Incorporated, Case No. 1:05-cv-10593-PBS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

229792.1